IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>Plaintiff,<br><br>vs.<br><br>KERRI PAULSON, LMHP, LIMHP; GARY LOVELACE, JASON MULAR, and JUDGE GERRUP, US Senior Federal Judge, in his individual compacity;<br><br>Defendants. | 8:25CV53<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's untitled motion (the "Motion") at Filing No. 9. For the following reasons the Motion shall be denied in its entirety.

In the Motion Plaintiff discusses multiple unrelated cases proceeding before this Court as well as the instant matter, requesting all of them be "granted." *See id.* As relief he also seeks release from incarceration, to be removed from the sex offender registry, the "arrest" and jailing of prison employees, having a federal holiday named after him, and apparently asking this Court to bring criminal charges against individuals for crimes committed against his sister. *See id.* None of the relief Plaintiff seeks is available to him here.

To the extent Plaintiff seeks relief in other pending cases in this District, this Court may not address cases unrelated to this matter in this case. *See e.g. Carter v. Husker Auto Grp. & Mfr.*, No. 8:23CV218, 2024 WL 5047844, at *3 (D. Neb. Dec. 9, 2024). And, Plaintiff's relief in the instant matter is limited to

only those forms that are cognizable in § 1983 actions. "The Supreme Court has explained that 42 U.S.C. § 1983 creates a species of tort liability where the basic purpose of § 1983 damages is to *compensate persons for injuries* that are caused by the deprivation of constitutional rights." *Markham v. Tolbert*, No. 22-CV-0187, 2022 WL 17819354, at *11, n. 1 (D. Minn. Dec. 20, 2022) (emphasis in original) (quotations omitted) (quoting *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305–07 (1986)). "[T]o the extent plaintiff challenges the validity of his criminal sentence, whether it be by prosecutorial misconduct, . . . ineffective assistance of counsel, or other grounds," a habeas corpus action is the appropriate platform on which to proceed, not § 1983. *Morris-Bey v. 5 Semi-Unknown St. Louis Metro. City Police Officers*, No. 4:07-CV-1814, 2009 WL 724010, at *3 (E.D. Mo. Mar. 13, 2009) (citation omitted); *see Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (forms of relief that call into question the validity of a plaintiff's conviction and/or sentence are not available under § 1983).

This Court is also unable to bring criminal charges, *see e.g. Hulbin v. White*, No. CV 19-174-P, 2020 WL 13724233, at *1 (W.D. La. Apr. 14, 2020) (dismissing case brought pursuant to 42 U.S.C. § 1983 seeking criminal charges against other individuals as outside the scope of relief available), and cannot create federal holidays, *see e.g. Yanko v. United States*, 127 Fed. Cl. 682, 685 (2016), *aff'd*, 869 F.3d 1328 (Fed. Cir. 2017) (discussing federal holidays as created by Federal statute or Executive Order). Finally, even if this Court were able to bring criminal charges against another individual, Plaintiff does not have standing to seek relief on behalf of his sister. *Linda R.S. v. Richard D.*, 410 U.S. 614, 617 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

For these reasons,

IT IS ORDERED that: the Motion, Filing No. 9, is denied in its entirety.

Dated this 21st day of January, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge