IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AUSTIN EDWARD LIGHTFEATHER,

Plaintiff,

vs.

KERRI PAULSON, LMHP, LIMHP;
GARY LOVELACE, JASON MULAR,
and JUDGE GERRUP, US Senior
Federal Judge, in his individual
capacity;

Defendants.

8:25CV53

MEMORANDUM AND ORDER

Plaintiff filed a complaint on February 7, 2025. Filing 1.[1] He is incarcerated within the Reception and Treatment Center (RTC) of the Nebraska Department of Correctional Services (NDCS). The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b). Plaintiff's claims will be dismissed for failure to state a claim and frivolous.

---

[1] Plaintiff filed 11 letters or supplements after filing his initial complaint. Filings 8 and 10-19. Of those, Filing 13 appears to be a request for discovery on allegations raised in the initial complaint. The remaining letters and supplements contain allegations unrelated to the facts underlying the those claims and raise claims against people other than defendants named in the initial complaint. See Filings 8, 10, and 12 (addressing alleged mishandling of his institutional account and payment of filing fees for his numerous pending cases); Filing 11 (repeating complaints about filing fee payments and adding complaints regarding, e.g., improper handling of legal mail; inmates and guards spreading lies, etc.); Filing 14 (alleging prison personnel pay rates are excessive, and challenging various conditions of his confinement); Filing 15 (demanding a photograph of himself); Filing 16 (providing notice that he is on a hunger strike in response to alleged character assassination); Filings 17 and 18 (notifying the Clerk to watch for his letters with a return address of "Jewish Prisoner Coalition"); and Filing 19 (advising of his continued hunger strike and devout adherence to his Jewish faith). The Court will not deem the allegations in Filings 8, 10-12, and 14-19 as part of Plaintiff's complaint because doing so would create a misjoinder in violation of Rule 20 of the Federal Rules of Civil Procedure, and it may allow consideration or reconsideration of allegations raised in Plaintiff's other 60 civil rights cases filed in this court, nine of which remain pending. Accordingly, the allegations and statements in Filings 8, 10-12, and 14-19 are not discussed in this memorandum and order.

## I. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## II. SUMMARY OF COMPLAINT

Plaintiff has sued Kerri Paulson, LMHP, LIMHP; Gary Lovelace, Jason Mular, and Judge Gerrup, U.S. Senior Federal Judge, in their individual capacities. To the extent the Court can understand Plaintiff's allegations, and summarized to the extent possible, his complaint alleges as follows.

Plaintiff was previously known as Ashion Michael Xaviar. He was an undercover field agent for the Federal Bureau of Investigations (FBI), operating under the name Austin Edward Bower, and he assisted in investigating and prosecuting hundreds of cases. He became a constable for the Omaha Federal Court, the Director of the FBI in 2008, and then the United States Attorney General in 2009. He was a federal judge for three years before becoming a federal senior judge in 2018. In 2019, he became part of the "federal six," a panel of six federal judges higher than the United States Supreme Court. Filing at 3.

Plaintiff sues Paulson for abducting his younger sister, Aften Baker, who is Jewish. He sues Mular and Lovelace for then murdering Baker. The murder occurred 11 years ago. Mular was convicted but escaped from prison. Lovelace, who also murdered Plaintiff's sister, faked his death. Judge Gerrup was never convinced Lovelace was alive, so Lovelace was never arrested and prosecuted. Filing 2-3. Plaintiff sues Judge Gerrup, claiming that he is racist and antisemitic and therefore allowed Mular and Lovelace to escape punishment for Baker's murder. Filing 1 at 3-5. Plaintiff demands prosecution and a sentence of either life in prison or the death penalty for each of the defendants. Filing 1 at 4-5.

Plaintiff states he accumulated $122 billion dollars while working for the FBI, and it is deposited in Chase Bank. He wants the funds to be used for a foundation called "Aften Ever After," to provide financial and housing support, and emotional, medical, and mental health support to Jewish children. Filing 1 at 5-8.

## III. DISCUSSION

Plaintiff is demanding that the named defendants be prosecuted. He lacks standing to pursue this claim. The decision of whether to pursue criminal charges lies with the prosecutor, not the court or a private citizen. *Parkhurst v. Tabor*, 569 F.3d 861, 866 (8th Cir. 2009) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (finding that a citizen lacks standing to contest prosecutorial policies when "he himself is neither prosecuted nor threatened with prosecution").

Even if Plaintiff had standing to pursue a § 1983 claim for inadequate investigation and prosecution of a crime, he has not and cannot state a claim for relief. The named defendants are not prosecutors, and they cannot file the felony criminal charges he demands. Moreover, Plaintiff alleges that within 18 months of his sister's death, he was aware of the relevant facts underlying her abduction and murder, instrumental in securing Malar's prosecution, and knew how the court responded and ruled in proceedings regarding that murder. Since Baker's murder occurred 11 years ago, as to all defendants, any claim by Plaintiff under 42 U.S.C. § 1983 to require the filing of criminal charges against the named defendants is barred by the applicable four-year statute of limitations. *Montin v. Est. of Johnson*, 636 F.3d 409, 412 (8th Cir. 2011) (applying Nebraska's four-year statute of limitations for § 1983 actions). Finally, as to Judge Gerrup, a judge is immune from suit, including suits brought under § 1983 to recover for alleged deprivation of civil rights, in all but two narrow circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id*. (internal citations omitted). Plaintiff alleges

Judge Gerrup did not believe evidence that Lovelace was alive and liberally construed, Plaintiff alleges the judge's rulings created circumstances that permitted Malar to escape punishment. Such claims arise from acts performed in the judge's judicial capacity and are therefore barred by judicial immunity.

Finally, as to Plaintiff's claim to establish a foundation to honor his sister and aid Jewish children, the people he named as defendants cannot provide this relief.

Plaintiff cannot obtain recovery as requested in his complaint. As such, his demand for discovery on such claims, Filing 13, must be denied.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Plaintiff's claims are frivolous and fail to state a claim for relief. Any attempt to amend the complaint would be futile. Plaintiff's complaint must be dismissed.

Accordingly,

IT IS ORDERED:

1.    Plaintiff's complaint is dismissed as frivolous.

2.    Plaintiff's request for discovery, Filing 13, is denied as moot.

3.    A separate judgment will be entered.

Dated this 6th day of February, 2026.

BY THE COURT:

_____

John M. Gerrard
Senior United States District Judge

5